AF Approval _____        Chief Approval _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                          CASE NO. 6:17-cr-159-Orl-40DCI

MEINRAD KOPP

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by W. Stephen Muldrow, Acting United States Attorney for the Middle District of Florida, and the defendant, MEINRAD KOPP, and the attorneys for the defendant, Warren W. Lindsey, Esquire, and Matthew P. Ferry, Esquire, mutually agree as follows:

**A.    Particularized Terms**

1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment.  Count One charges the defendant with enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).

2.    Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of 10 years up to life, a fine of not more than $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of

Defendant's Initials _____

$100.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving:  (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3.    Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

| | |
|---|---|
| First: | The defendant knowingly persuaded, induced, enticed, or coerced a person to engage in sexual activity, as charged; |
| Second: | The defendant used the Internet, a computer, and a cell phone, facilities of interstate commerce, as alleged in the Indictment, to do so; |

Defendant's Initials _____      2

| | |
|---|---|
| <u>Third</u>: | When the defendant did these acts, the person named in the Indictment was less than 18 years old; and |
| <u>Fourth</u>: | One or more of the individual(s) engaging in the sexual activity could have been charged with a criminal offense, namely, lewd and lascivious battery, a violation of Fla. Stat. § 800.04(4). |

The defendant can be found guilty of an attempt to commit the offense described herein only if both of the following elements are met:

| | |
|---|---|
| <u>First</u>: | That the defendant knowingly intended to commit the crime of using a facility of interstate commerce to knowingly persuade, induce, entice, or coerce an individual whom he believed to be a minor to engage in sexual activity; and |
| <u>Second</u>: | That the defendant's intent was strongly corroborated by his conduct which constituted a substantial step toward the commission of the crime. |

4.   <u>Counts Dismissed</u>

At the time of sentencing, the remaining counts against the defendant, Counts Two and Three, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.   <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge

Defendant's Initials ____ _w__         3

defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.  Restitution to Persons Other Than the Victim of the Offense of Conviction

Pursuant to 18 U.S.C. §§ 3663(a)(3) and/or 3663A(a)(3), the defendant agrees to make restitution to known victims of the offense charged in Count Three of the Indictment for the full amount of the victims' losses as determined by the Court and as defined in 18 U.S.C § 2259. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

7.  Sentence Recommendation

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced to a term of imprisonment of up to 20 years, which may require an upward variance in the defendant's applicable guidelines range as determined by the Court. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials _____      4

8.    <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this plea agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials _____ *ho*                    5

9.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2428, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following:  an iPhone 6, a Lenovo Thinkpad laptop computer, and a Nikon Coolpix P500 camera, which assets were used during the commission of the offense.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.  The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the

Defendant's Initials _____          6

forfeiture of the property sought by the government.   Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.   In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.   The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.   The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.   The defendant agrees that Fed. R. Crim. P. 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.   In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing

Defendant's Initials _____       7

of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this plea agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The defendant expressly consents to the forfeiture of any substitute assets sought by the government.

Defendant's Initials ___/ω___         8

The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the plea agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

10.   Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions:  the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

11.   Removal - Notification

The defendant has been advised and understands that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.  Under federal law, the offense to which defendant is pleading guilty may be a removable offense.

Defendant's Initials _____        10

Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that may result from the defendant's guilty plea, even if the consequence is the defendant's automatic removal from the United States following completion of the defendant's sentence.

**B.**   **Standard Terms and Conditions**

    1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no

Defendant's Initials _____    11

way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing. The defendant understands that this agreement imposes no limitation as to fine.

2.   Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant

Defendant's Initials _____        13

promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this plea agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement,

Defendant's Initials ___/w___      14

or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

     7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

        The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground

Defendant's Initials   _Lmo_     15

that the sentence exceeds the defendant's applicable guidelines range <u>as</u> <u>determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.   <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.   <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant

pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

     11.   <u>Factual Basis</u>

     Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

<u>FACTS</u>

     On April 26, 2017, Homeland Security Investigations (HSI) Task Force Agent (TFA) Michael R. Spadafora conducted an undercover investigation, from his office in Brevard County and elsewhere, on a deep/dark website dedicated to persons who have sexual interests in children. On this date, TFA Spadafora posted an advertisement within this website purporting to be the "bad father" of a 13-year-old girl. The advertisement read

Defendant's Initials _____ 18

as follows:  "[D]ad with young girl looking for others who enjoy fucking young girls. Serious only please."

On April 26, 2017, a user of the deep/dark website, namely, "driver1de," answered the advertisement via instant message.  This user was later identified by law enforcement as Meinrad KOPP (KOPP), a citizen of Germany and resident of Switzerland.  KOPP's response was, "[H]ow old is your girl."  TFA Spadafora informed KOPP that his daughter was 13 years old.

On April 26, 2017, KOPP replied, "I really would like to fuck you girl."  KOPP also said, "I'd love for anything related to SM, humiliation and degradation."  The term "SM" stands for sadomasochism.

Over the course of two months, KOPP and TFA Spadafora engaged in instant message and email communications via the use of the Internet, a cellphone, and a computer.  KOPP's communications were intended to persuade, induce, entice, or coerce a minor to engage in illicit sexual activity.  Specifically, KOPP expressed he would touch the child's breast and vagina, as well as engage the child in vaginal and oral sex.  KOPP also asked TFA Spadafora for permission to engage the notional child in sadistic conduct such as treating the child like a dog, using handcuffs, waxing the pubic hair from her vagina, tying the child to the bedposts, and hanging

weights from her vaginal labia.  KOPP later indicated that he would bring a video camera to record the notional minor as she engaged in these sex acts.

On June 6, 2017, TFA Spadafora received an instant message from KOPP in which he confirmed that he bought his airline ticket to Florida. KOPP's plan involved traveling from Switzerland to New Jersey, and finally to Orlando where he intended to engage the notional minor in sexual activity. KOPP said he would arrive in Orlando on Friday, June 16, 2017, at approximately 1735 hours.

On June 7, 2017, TFA Spadafora received an instant message from KOPP indicating that he would be arriving to Orlando on a particular airline's flight.

On June 16, 2017, at approximately 1730 hours, KOPP arrived at the Orlando International Airport.  After KOPP retrieved his luggage, TFA Spadafora made contact with him in the arrival area of the airport.  Believing TFA Spadafora was the father of the notional 13-year-old child, KOPP entered the agent's vehicle and during a video and audio-recorded conversation, KOPP said that he intended to engage the notional minor in sadistic sexual conduct, among other acts, and he had brought clamps and weights to use with the minor.

Once TFA Spadafora was within Brevard County area, a Brevard County Sheriff's Office (BCSO) patrol deputy conducted a prearranged traffic stop on the vehicle TFA Spadafora was driving.  BCSO agents removed KOPP from the vehicle and KOPP was advised of his *Miranda* rights.  KOPP waived his rights and agreed to provide a statement.  During an audio-recorded interview, KOPP stated, in essence, the following:  several months prior to his arrest, KOPP met the father of a 13-year-old child through an online instant messaging application via the deep/dark web.  KOPP's screen name was "driver1de."  KOPP communicated with the father of the minor through both chat and email.  KOPP's email was, "driver1de.[xxx.xx]."  KOPP used his home computer in Switzerland and a Lenovo laptop computer, to communicate with the father of the minor through email.  Agents read some of the communications between KOPP and the father of the notional 13-year-old minor to KOPP.  KOPP confirmed he was the person involved in those chat conversations.  KOPP also said he flew to Florida from New Jersey with the only purpose of conducting sexual acts with the 13-year-old child.

A search of KOPP's luggage revealed a Nikon Coolpix P500 camera, clamps, rope, tape, weights, a bottlebrush, and a flashlight.  In addition, upon KOPP's arrest the agents seized an iPhone 6 and a Lenovo

Thinkpad laptop computer that he used in furtherance of the commission of the offense.

Had KOPP engaged in sexual activity with a minor, as described herein, he would have committed a violation of Florida law, namely, lewd and lascivious battery, a violation of Fla. Stat. § 800.04(4).

12.   <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____ko___          22

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___7th___ day of ___September___, 2017.

W. STEPHEN MULDROW
Acting United States Attorney

_____
MEINRAD KOPP
Defendant

_____
Ilianys Rivera Miranda
Assistant United States Attorney

_____
Warren W. Lindsey, Esquire
Attorney for Defendant

_____
Katherine M. Ho
Assistant United States Attorney
Chief, Orlando Division

_____
Matthew P. Ferry, Esquire
Attorney for Defendant

Defendant's Initials _____       23