UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


UNITED STATES OF AMERICA

    v.                               CASE NO. 6:17-cr-159-Orl-40DCI

MEINRAD KOPP


**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by W. Stephen Muldrow, Acting United States Attorney for the Middle District of Florida, files its sentencing memorandum, requests a sentence of twenty (20) years, a life term of supervised release, and a fine of $250,000.

The egregious nature of KOPP's offense conduct justifies the recommended sentence.   For a period of about 6 weeks, KOPP used the dark web in an attempt to induce a notional 13-year-old female to engage in sadistic sexual activity.[1]   Specifically, KOPP intended to torture the child in the most barbaric ways.   To that effect, KOPP described his desire to inflict pain on the child by tying her up, beating and gagging her with a "dirty panty," attaching clamps with weights to her vaginal labia, inserting his hand and "spicy chicken

---

[1] A copy of the instant message and email communications between TFO Spadafora and KOPP are attached to this pleading as Exhibit 1.

fingers" inside her vagina, tearing her pubic hair, treating her like a dog, among other violent acts.

During KOPP's online communications with Task Force Officer (TFO) Michael Spadafora (Spadafora), KOPP sent the agent a link that gave him access to child pornography images.   KOPP said the images depicted teenagers involved in sex acts with each other, and he asked TFO Spadafora to show those images to the notional minor.   KOPP described that he had sexually abused an 11-year-old child in the past by repeatedly "beating in her cunt with a leather belt."[2]   In addition, KOPP said that he was communicating with the father of a 17-year-old minor, who would allow him to give the minor a "hard ass, tit and pussy beating [and] violent mouth/skull fuck."

KOPP traveled from Switzerland to Orlando, Florida, for the only purpose of engaging the minor in sadistic sexual conduct.   After his arrest, the agents searched KOPP's luggage, finding a bottlebrush, tape, rope, weights, metal and rubber clamps, as well as a camera he intended to use to record the sexual acts he perpetrated on the minor.

At the time of the commission of the offense, KOPP worked supervising clinical trials for Merck & Co.   As a top executive with Merck, KOPP amassed a fortune and his financial resources allowed him to travel all over the world.

---

[2] *See* Exhibit 2 (audio and video recording of conversation between TFO Spadafora and KOPP as they drove to meet the notional minor).

This makes KOPP a greater threat to children.

The government recommends a sentence of 20 years, which is the equivalent of a level 38. In this case, the 10 level upward adjustment in the guidelines is justified because KOPP's offense conduct falls outside typical enticement cases. KOPP's main purpose was to inflict severe physical and emotional pain on the notional child. Furthermore, he sexually exploited other children in the past and he has the financial means to do so in the future.

The only way to deter KOPP from sexually exploiting children is by imposing a lengthy sentence. A lengthy sentence would also promote respect for the law, provide just punishment, and afford general deterrence. Most importantly, given that KOPP is 55 years old, the government submits that a sentence of 20 years would adequately protect the children and the public from future crimes of the defendant while affording him an opportunity to receive mental health and sex offender treatment.

## 18 U.S.C. § 3553 FACTORS

The Supreme Court has stated a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. *See United States v. Gall*, 128 S.Ct. 586 (2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark"). Then, the district court should consider all of the

applicable factors set forth in 18 U.S.C. § 3553(a). *See,* id. These factors include

"the nature and circumstances of the offense and the history and characteristics

of the defendant" (18 U.S.C. § 3553(a)(1)); the need for the sentence imposed

to reflect the seriousness of the offense, to provide just punishment for the

offense, to afford adequate deterrence to criminal conduct, to protect the public

from further crimes of the defendant, and to provide the defendant with needed

correctional treatment (18 U.S.C. § 3553(a)(2)); the Sentencing Guidelines and

related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4) and

(a)(5)); and the need to avoid unwarranted sentence disparities (18 U.S.C. §

3553(a)(6)).

      In this case, the defendant is exposed to a minimum of 10 years, up to

life in prison.   The defendant is a criminal history category I, with a total

offense level 28, and an advisory guidelines range of 78 to 97 months.   The

statutorily required minimum sentence of 10 years is greater than the maximum

of the applicable guideline range; therefore, the guideline term of imprisonment

is 10 years.   USSG §5G1.1(b).

      However, KOPP's criminal conduct in this case was far more egregious

than that observed in the average enticement case.   KOPP's intent was to

humiliate, torture, and inflict severe physical and emotional pain on a child.   In

the spectrum of enticement cases, this has to be one of the most sadistic as to

the extent of intended harm to a child.   Thus, a sentence above the guidelines

range is justified.   Specifically, a sentence of 20 years will reflect the seriousness

of the defendant's conduct and the seriousness with which Congress and the

Sentencing Commission view the sexual exploitation of minors.   Additionally,

a sentence within that range is necessary to account for many of the factors that

the Court must consider under 18 U.S.C. 3553(a).

### Imposition of a Fine

This Honorable Court must impose a fine, unless KOPP can demonstrate

that he is unable to pay.   *See,* USSG §5E1.2(a); *United States v. McGuinness*, 451

F.3d 1302, 1307 (11th Cir. 2006).  The guidelines range for KOPP's fine is

$25,000 to $250,000.   Pre-Sentence Investigation Report (PSR) ¶ 96; USSG

§5E1.2(c)(3).   Likewise, the statutory maximum fine is $250,000. PSR ¶ 94; 18

U.S.C. § 3571(b)(3).

Based on the sentencing guidelines, this Court should exercise its

discretion to impose a $250,000 fine.   Despite KOPP's refusal to submit a

financial affidavit in breach of his plea agreement, probation discovered that

KOPP is wealthy.   Indeed, he has at least $1.2 million in stocks, $1 million in

a personal savings account, and other assets totaling $3.6 million.   PSR ¶ 83.

His net worth is at least $3.5 million.   *Id.*   Without a financial affidavit, a full

accounting of KOPP's assets is undeterminable.   Under the guidelines

commentary, "The existence of income or assets that the defendant failed to disclose may justify a larger fine than that which otherwise would be warranted under this section."  USSG §5E1.2, comment. (n.6); *see also United States v. Rowland*, 906 F.2d 621, 624 (11th Cir. 1990) ("Evidence that a defendant has failed to disclose the existence of assets to the court, may support a determination that the defendant is able to pay a fine with those undisclosed assets.")  Seemingly, the record supports that KOPP has the financial resources and present ability to pay a maximum fine of $250,000. *See,* 18 U.S.C. § 3572(a)(1); USSG §5E1.2(d)(2).

Moreover, KOPP has never been married and has no children.  PSR ¶ 69. Without any dependents, there would be no burden on his family to pay the fine.  *See,* 18 U.S.C. § 3572(a)(2); USSG §5E1.2(d)(3).  Additionally, because there was no actual victim in this case, restitution may not be applicable as to the count of conviction, PSR ¶ 97, and there are no civil collateral consequences of conviction.  *See,* 18 U.S.C. § 3572(a)(4); USSG §5E1.2(d)(4), (5).

However, that does not detract from the egregious facts of this case. This is a very serious offense. *See,* USSG §5E1.2(d)(1).  In this case, KOPP sought to inflict barbaric sexual acts on a minor.  His intent was corroborated by compelling evidence, namely, chats, audio and video recordings, as well as physical evidence retrieved from his luggage.  As detailed below, the

government is recommending a sentence of 20 years in prison, a life term of supervised release, as well as the imposition of a $250,000 fine, because the combined sentence would reflect the seriousness of the offense, promote respect for the law, provide just punishment and afford adequate deterrence. *See,* discussion below.

The Nature and Circumstances of the Offense

The nature, circumstances, and extent of KOPP's criminal conduct is egregious and militates in favor of the recommended sentence of 20 years, life term of supervision, and a fine of $250,000. *See,* 18 U.S.C. § 3553(a)(1). The defendant is a 55-year-old male who, in order to gratify his own sexual desire, attempted to emotionally and physically torture and sexually assault a 13-year-old child. For a span of almost two months, KOPP used the dark web to chat with a person he believed was the father of a 13-year-old child, providing graphic and gruesome details about how he intended to harm the child. Further, KOPP distributed child pornography to TFO Spadafora with the intent that he show those images to the notional minor. KOPP also asked for permission to treat the child like a dog, gag her, insert food inside her vagina, and attach weights to her vaginal labia, among other violent acts. KOPP brought clothespins, weights, rope, clamps, and other items, which were clearly indicative of his serious intent to carry out sadomasochistic activities against a

7

child.   KOPP intended to video record as he engaged in sadomasochistic activity with the child and for that purpose, he brought a camera.

The egregious nature of the defendant's conduct simply shocks the conscience, and the seriousness of his conduct cannot be overstated.   Nothing about the seriousness of the offense justifies a sentence of 10 years.   The government is recommending a sentence of 20 years, because KOPP's conduct was exceptionally violent in nature.   He is at the high end of the spectrum of violent offenders.   A sentence of 20 years' in prison, a life term of supervised release, and a fine of $250,000 would adequately reflect the seriousness of KOPP's conduct.

"Child sex crimes are among the most egregious and despicable of societal and criminal offenses."   *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009).   The Eleventh Circuit has recognized that sex crimes against children cause "substantial and long-lasting harm…"   *United States v. Mozie*, 752 F.3d 1271, 1289 (11th Cir. 2014).   Sexually abused children are "'…unable to develop healthy affectionate relationships in later life, have sexual dysfunctions, and have a tendency to become sexual abusers as adults.'   Simply stated, 'sexual abuse is grossly intrusive in the lives of children and is harmful to their normal psychological, emotional, and sexual development in ways which no just or humane society can tolerate.'"   *Id*.

## The History and Characteristics of the Defendant

Similarly, KOPP's history and characteristics weigh in favor of the recommended sentence.   18 U.S.C. § 3553(a)(1).   This factor is aimed at distinguishing among defendants who commit a particular offense or type of offense.   *United States v. Irey,* 612 F.3d 1160, 1203 (11th Cir. 2010).

Here, KOPP's history and characteristics distinguish him from other defendants who commit child sex crimes under similar circumstances, in that he presents significantly serious risk factors in terms of recidivism.   KOPP viewed child pornography and fantasized about engaging children in sadomasochistic activities.   KOPP informed TFO Spadafora that he had previously sexually assaulted an 11-year-old child by giving her a beating with a belt over her vagina.[3]   KOPP also disclosed his intent to sexually assault a 17-year-old female that he had access to through her father.

More recently, Switzerland prosecutors disclosed that upon KOPP's arrest in the United States, law enforcement authorities sought and executed a search warrant at KOPP's residence.   An analysis of his home computer and CDs revealed 137000 depictions of child abuse material and violence. Switzerland authorities have preliminarily confirmed approximately 9000

---

[3] KOPP mentioned the sexual assault twice, via chat and after he met with TFO Spadafora at the airport, during the car ride to meet the notional minor.   A video recording captured KOPP as he gestured with his hand how he used a belt to beat the minor.   Exhibit 2.

depictions contain child pornography. The remaining depictions appear to contain violent pornography.

Psychiatrist Jeffrey A. Danziger (Danziger) found that KOPP meets the DSM-5 criteria for sexual sadism disorder. "This DSM diagnosis refers to at least six months of recurrent and intense sexual arousal from the physical or psychological suffering of another person, as manifested by fantasies, urges, and behaviors." *See,* Dr. Danziger's psychiatric and psychosexual evaluation report. Dr. Danziger also noted that KOPP meets the DSM-5 diagnosis criteria for pedophilic disorder based on KOPP's disclosure that he had viewed images of "prepubescent children, naked and engaged in sexual activity, on a recurrent basis." *Id.*

Another risk factor is that KOPP meets the diagnosis criteria for major ("recurrent, severe") depressive disorder. *Id.* On July 13, 2017, while detained pending trial, KOPP attempted to commit suicide by hanging. *Id.* KOPP was "found on the floor, pale and unresponsive. Multiple rounds of CPR were conducted, and the automatic defibrillator was engaged." *Id.* As evidenced in Dr. Danziger's report, KOPP has a history of psychiatric issues, "suicidal thinking," feelings of "hopelessness," "self-doubt," "stress," and "feelings of persecution," among other factors showing significant emotional distress. *Id.*

Although the defendant had a traumatic childhood because of his mother's passing and his father's violent behavior, this does not justify or mitigate the defendant's offense conduct of sexually exploiting children. KOPP had opportunities in life.   He is a pharmacist, and achieved a doctorate level degree in biochemistry and molecular biology.   *Id.*   Dr. Danziger noted that KOPP's intellect is "likely in the significantly above average range" and he worked in the field of clinical drug development for 25 years, 12 of those years with Merck.   *Id.*   In addition, KOPP has amassed a fortune.   *See,* PSR.

We must further note that prior to his arrest the defendant had a live-in girlfriend of over 20 years.   Despite the fact that he had a supportive live-in partner, friends, a great job, and significant financial assets, the defendant chose to sexually exploit children in the most sadistic way.   It is clear that the defendant is a sexual predator who is sexually interested in children and lacks the moral conscience to refrain from acting out on his dangerous sexual interests.   This is clearly evidenced by KOPP's attempts to minimize his criminal conduct when confronted by Dr. Danziger by egregious facts showing his intent to engage a child in extreme sadistic conduct.   *See,* Dr. Danziger's forensic report.

11

Dr. Danziger's flawed conclusion that the likelihood of KOPP's recidivism is low is not supported by compelling evidence. Dr. Danziger states that there is no history of prior sexual offenses against a minor, when in fact the evidence showed that KOPP admitted to sexually beating an 11-year-old child. KOPP also indicated that he intended to sexually assault a 17-year-old juvenile in the near future. Further, KOPP viewed and distributed child pornography over the dark web and asked TFO Spadafora to show child pornography to the notional minor. Additionally, KOPP's diagnosis of pedophilia is clear evidence of his compulsive sexual interest in prepubescent children. In this case, KOPP's compulsive sexual interest in children transcended to the realm of reality when he made plans and traveled to sexually abuse a minor. Thus, there is compelling evidence in support of a finding that KOPP presents a high risk of recidivism. KOPP is a sexual predator with the financial means to harm children in the future. Thus, the sentence imposed should reflect the need to protect children from future crimes of the defendant.

In light of the above, KOPP's history and characteristics warrant the recommended sentence. *See, United States v. Martin*, 455 F.3d 1227, 1239-40 (11th Cir. 2006) (disapproving the sentencing court's emphasis on the defendant's lack of a criminal record and the aberrational nature of his crimes,

which the guidelines had already taken into account, and pointing out that his criminal conduct spanned a period of years and caused much harm).

A sentence of 20 years' in prison, and a life term of supervised release, should provide sufficient time for KOPP to receive mental health and sexual offender treatment and reflect upon the seriousness of his offense.

Just Punishment, Adequate Deterrence,
Respect for the Law, and Protection of the Public

This factor is known as the "just desserts" concept, answering the need for retribution and to make the punishment fit the crime, and the need for the defendant to be punished justly. *See, Irey*, 612 F.3d 1160 at 1206.   The *Irey* court cited the Senate Report regarding this provision:

> This purpose – essentially the "just desserts" concept – should be reflected clearly in all sentences; it is another way of saying that the sentence should reflect the gravity of the defendant's conduct. From the public's standpoint, the sentence should be of a type and length that will adequately reflect, among other things, the harm done or threatened by the offense, and the public interest in preventing a recurrence of the offense.

(quoting S.Rep. No. 98-225, at 75-76, 1984 U.S.C.C.A.N. 3258-59).

"Because the punishment should fit the crime, the more serious the criminal conduct is the greater the need for retribution and the longer the sentence should be."   *United States v. Mozie*, 752 F.3d 1271, 1289 (*citing Irey*, 612 F.3d at 1206.)   Considering that child sex crimes are among the most egregious offenses, the Eleventh Circuit has "repeatedly upheld 'severe sentences in these

13

cases.'" *Mozie*, 752 F.3d at 1271 (*citing Pugh*, 515 F.3d at 1202).

The Eleventh Circuit also emphasized that the deterrence objective of sentencing is "particularly compelling" in the context of child pornography cases:

> 'Young children were raped in order to enable the production of child pornography that the defendant both downloaded and uploaded-both consumed himself and disseminated to others. The greater the customer demand for child pornography, the more that will be produced. Sentences influence behavior, or so at least the Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor. The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced.' *Irey*, 612 F.3d at 1211-12.

KOPP's sexual exploitation of children and his dangerous sexual interests show that he poses a risk to children in the future. "Congress explicitly [has] recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders." *United States v. Allison*, 447 F.3d 402, 405-06 (5th Cir. 2006); *see also, United States v. Pugh*, 515 F.3d 1179, 1201 (11th Cir. 2008) ("As Congress has found and as we have discussed, child sex offenders have appalling rates of recidivism and their crimes are under-reported.").

The nature of the evidence in this case indicates that KOPP is a pedophile who lacks the moral conscience to refrain from acting on his sexual desires. KOPP's lack of regard for the welfare of children and his criminal intent to sexually exploit children in this case show that he is a danger to society. Thus,

KOPP's sexual exploitation of children requires a serious sentence.   A sentence of 20' years will assure KOPP's lengthy separation from children.   It will give KOPP an opportunity for reflection and treatment in a structured setting, separated from the children.

For the foregoing reasons, the United States respectfully requests the Court to sentence KOPP to a sentence of 20 years' in prison, a life term of supervision, and a fine of $250,000.   In light of the serious nature of the offense, KOPP's personal characteristics, the need for the protection of children, just punishment, deterrence, and the need to promote respect for the law, the recommended sentence is reasonable.

Respectfully submitted,

W. STEPHEN MULDROW
Acting United States Attorney

By:   *s/Ilianys Rivera Miranda*
ILIANYS RIVERA MIRANDA
Assistant United States Attorney
USA No. 150
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:   (407) 648-7643
E-mail:       ilianys.rivera@usdoj.gov

**U.S. v. MEINRAD KOPP**                    **Case No. 6:17-cr-159-Orl-40DCI**

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2017, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which

will send a notice of electronic filing to the following:

Warren W. Lindsey, Esq.
Matthew P. Ferry, Esq.

*s/Ilianys Rivera Miranda*
ILIANYS RIVERA MIRANDA
Assistant United States Attorney
USA No. 150
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:   (407) 648-7643
E-mail:       ilianys.rivera@usdoj.gov
