1                    **UNITED STATES DISTRICT COURT**
                     **MIDDLE DISTRICT OF FLORIDA**
2                        **ORLANDO DIVISION**

3
     **UNITED STATES OF AMERICA,**      )
4                                       )
              **Plaintiff,**            )         **Case Number**
5                                       )
                   **v.**               )    **6:17-cr-159-Orl-40DCI**
6                                       )
     **MEINRAD KOPP,**                   )
7                                       )
              **Defendant.**            )
8    _____)

9

10

11           **Transcript of the change of plea hearing**

12           **before Magistrate Judge Daniel C. Irick**

13              **September 22, 2017; 11:30 a.m.**

14                     **Orlando, Florida**

15

16
     **Appearances:**
17
     **Counsel for Plaintiff:  Ilianys Rivera Miranda**
18

19   **Counsel for Defendant:  Matthew P. Ferry**
                               **Warren W. Lindsey**
20

21
         **Proceedings recorded by FTR Gold digital recording,**
22   **transcript produced by computer.**
     _____

23
                  **Diane Peede, RMR, CRR, CRC**
24              **Federal Official Court Reporter**
            **401 West Central Boulevard, Suite 4600**
25                  **Orlando, Florida  32801**

1                     P R O C E E D I N G S

2              THE COURTROOM DEPUTY:  The case number is 6:17-cr-

3      159-Orl-40DCI, United States of America v. Meinrad Kopp.

4              Counsel, please enter your appearances for the

5      record.

6              MS. RIVERA MIRANDA:  Good morning, Your Honor.  On

7      behalf of the government, Assistant United States Attorney

8      Ilianys Rivera.  I'm ready to proceed.

9              THE COURT:  Good morning.

10             MR. FERRY:  Matt Ferry and Warren Lindsey on behalf

11     of the defendant, Mr. Kopp.

12             THE COURT:  Good morning.

13             MR. LINDSEY:  Good morning, Your Honor.

14             THE COURT:  All right.  Go ahead and swear the

15     defendant.

16             THE COURTROOM DEPUTY:  Please stand and raise your

17     right hand, Mr. Kopp.

18             Do you solemnly swear or affirm that the testimony

19     that you're about to give in the matter now pending before

20     this Court will be the truth, the whole truth and nothing but

21     the truth?

22             THE DEFENDANT:  I swear.

23             MEINRAD KOPP, SWORN

24             THE COURTROOM DEPUTY:  Please state your name for

25     the record.

```
1              THE DEFENDANT:  Meinrad Kopp.

2              THE COURTROOM DEPUTY:  Thank you.

3              THE COURT:  Mr. Ferry, it's my understanding your

4   client would like to enter a plea of guilty today pursuant to

5   a Plea Agreement.  Is that right?

6              MR. FERRY:  That's correct, Your Honor.

7              THE COURT:  All right.

8              Now let me ask the government, have you complied

9   with the Crime Victims' Rights Act, to the extent applicable

10  at this time?

11             MS. RIVERA MIRANDA:  It's not applicable to this

12  case, Your Honor.

13             THE COURT:  Okay.  Good enough.  Thank you.

14             All right.  Mr. Kopp, you've now taken an oath.

15  That oath is to tell the truth.  If you don't tell the truth

16  today or if you leave anything important out, then what you

17  say or fail to say could be used against you in a statement,

18  in a prosecution for perjury or making a false statement at a

19  later time.

20             In addition, your testimony can be used against you

21  in any proceeding if you challenge the taking of the plea,

22  the judgment, the conviction or the sentence in this case.

23  It could also be used against you in any immigration

24  proceedings.

25             Do you understand that?
```

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Now, it's your right to plead guilty to

3    this charge.  However, before the Court can accept a guilty

4    plea, it's necessary the Court find that your plea is freely

5    and voluntarily made, that there's a factual basis for the

6    plea.  It's therefore going to be necessary for me to ask you

7    certain questions about the crime to which you're intending

8    to plead guilty before I can take your plea.

9          If you don't understand the questions that I ask or

10   any of the particular words that I use, you can ask me to

11   repeat myself.  You can ask for a moment to speak with your

12   attorneys.  That's absolutely fine.  In fact, if you need a

13   recess to speak with them for a few moments, just let me know

14   and I'll allow that to happen.  Okay?

15         THE DEFENDANT:  Yes.

16         THE COURT:  You're doing a good job of this, but I

17   just want to let you know to make sure you do speak clearly

18   into the microphones.  We are keeping an audio recording of

19   these proceedings.  And also just be certain to make sure

20   that I'm completely finished with my question before you

21   answer.  All right?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  Thank you.  Could you please state your

24   full name again for the record.

25         THE DEFENDANT:  Could you please?

```
 1                    THE COURT:  Could you please state your full name
 2     for the record.
 3                    THE DEFENDANT:  My name is Meinrad Kopp.
 4                    THE COURT:  Is that your legal name?
 5                    THE DEFENDANT:  Yes, it is.
 6                    THE COURT:  Have you ever been known by any other
 7     name?
 8                    THE DEFENDANT:  No.
 9                    THE COURT:  How old are you?
10                    THE DEFENDANT:  I'm 55 years old.
11                    THE COURT:  And what's your date of birth?
12                    THE DEFENDANT:  December 19, 1961.
13                    THE COURT:  How far did you go in school?
14                    THE DEFENDANT:  I have a university degree and a
15     Ph.D.
16                    THE COURT:  You can read, write, speak and
17     understand English?
18                    THE DEFENDANT:  Yes.
19                    THE COURT:  Are you under the influence today of
20     any drugs, alcohol or other medication that's affecting your
21     ability to understand what's happening today?
22                    THE DEFENDANT:  No.
23                    THE COURT:  Are you currently in need of or
24     receiving any medical or mental healthcare?
25                    THE DEFENDANT:  Yes.  I do have medical needs and I
```

 1  do receive medication.

 2          THE COURT:  And are you taking prescription

 3  medications?

 4          THE DEFENDANT:  I do get medication from the jail

 5  and I believe it's a script of different medication, yes.

 6          THE COURT:  Generally, what kind of medication is

 7  that.

 8          THE DEFENDANT:  It's medication against diabetes,

 9  hypertension, hypercholesteremia, and Platsim (phonetic)

10  because I do have a stimulus in my brain.

11          THE COURT:  Does anything about that medication

12  affect your ability to understand what's happening today?

13          THE DEFENDANT:  I don't think so, no.

14          THE COURT:  Does anything about the underlying

15  medical condition affect your ability to understand what's

16  happening today?

17          THE DEFENDANT:  No.

18          THE COURT:  To your knowledge, are you currently

19  suffering from any mental, emotional disease or illness?

20          THE DEFENDANT:  No.

21          THE COURT:  And do you understand where you are,

22  what you're doing and the importance of these proceedings?

23          THE DEFENDANT:  Yes, I do.

24          THE COURT:  Mr. Ferry, do you have any questions at

25  all concerning the competency of your client?

1          MR. FERRY:  No, Your Honor.

2          THE COURT:  Any questions from the government?

3          MS. RIVERA MIRANDA:  No, Your Honor.

4          THE COURT:  Ms. Rivera, do you have anything else

5   you'd like me to ask regarding the competency of this

6   defendant?

7          MS. RIVERA MIRANDA:  No, Your Honor.

8          THE COURT:  Mr. Kopp, I am a United States

9   magistrate judge.  Your case is also assigned to a United

10  States District Judge.

11         You have the right to have your guilty plea taken

12  by the district judge in this case or you can consent to have

13  it taken by the magistrate judge, like me.

14         If you consent to have your guilty plea taken by

15  me, you're waiving and giving up your right to have the

16  district judge take your plea.  It'll be the district judge

17  that will actually accept your plea or decide whether or not

18  to accept it, and it'll be the district judge that will

19  actually sentence you in this case.  I will not be the judge

20  that sentences you if you plead guilty.

21         I have on my bench a form titled Notice Regarding

22  Entry of Plea of Guilty.  It also states Consent and it

23  appears to be signed by you.  And I believe this is Mr.

24  Ferry.

25         Is that right?

1           MR. FERRY:  That's correct, Your Honor.

2           THE COURT:  Okay.

3           Mr. Kopp, did you read and sign this form?

4           THE DEFENDANT:  Yes, Your Honor.

5           THE COURT:  And is it correct, is it your intention

6    to have me take your plea?

7           THE DEFENDANT:  Yes.

8           THE COURT:  Did you discuss this with your

9    attorney?

10          THE DEFENDANT:  Yes, I did.

11          THE COURT:  Did anyone force, threaten, coerce,

12   intimidate or promise you anything to get you to agree to

13   that?

14          THE DEFENDANT:  No.

15          THE COURT:  Is it your independent decision to

16   consent?

17          THE DEFENDANT:  Yes, it is.

18          THE COURT:  All right.  I do find that your waiver

19   and consent are made knowingly, freely, intelligently and

20   voluntarily.  And I'll therefore proceed in this case.

21          Let me advise you of your rights.  You have the

22   right to have the assistance of an attorney at the trial and

23   every stage of these criminal proceedings, whether or not you

24   can afford one.  That right persists whether you plead guilty

25   or not guilty.

1            If you are not a United States citizen, you may

2    request an attorney for the government or other federal law

3    enforcement agency notify a consulate office of your country

4    of nationality that you've been arrested.  But even without

5    that request, understand that pursuant to international

6    agreement, the government may make that consular

7    notification.

8            You have the right to plead not guilty, as you've

9    previously done, and to persist in that plea.

10           If you maintain your plea of not guilty, you have

11   the following rights under the laws and Constitution of the

12   United States.  You have the right to a speedy and public

13   trial and to be tried by a jury of twelve.  If you're tried

14   by a jury, all twelve of the jurors would have to unanimously

15   agree before you could be convicted.

16           You're presumed innocent and before you could be

17   found guilty, the burden of proof is on the United States to

18   prove beyond a reasonable doubt by competent and substantial

19   evidence that you are guilty.  You do not have to prove that

20   you're innocent.

21           At your trial, witnesses for the United States

22   would have to come into court and testify in front of you.

23   You would have the right to confront those witnesses,

24   cross-examine them, that is, to see, hear and question them.

25           You have the right to present evidence at your

trial, to present witnesses.  If witnesses refuse to come to

your trial, the Court could issue orders compelling those

witnesses to testify and to attend the trial.

You have the right to choose whether you testify at

trial and that decision is entirely up to you.

Do you understand those rights?

THE DEFENDANT:  Yes, I do.  Thank you.

THE COURT:  Now, if you plead guilty as set forth

in the Plea Agreement, you'll waive and give up the trial

rights I just told you about.  There will be no trial and on

your guilty plea the district judge will find you guilty and

convict you.

A plea of guilty admits the truth of the charge but

a plea of not guilty denies the charge.

Has your attorney explained to you the difference

between pleading guilty and not guilty?

THE DEFENDANT:  Yes.

THE COURT:  If you choose to plead guilty, you must

give up the right not to incriminate yourself, because I'll

ask you questions concerning the offense to which you're

pleading guilty to satisfy myself that there's a factual

basis for your plea.

By pleading guilty, you also waive and give up your

right to trial, to confrontation and cross-examination of

witnesses, to compulsory process for attendance of your

```
 1    witnesses at trial.  Because there will be no trial, the next
 2    proceeding would be the sentencing.
 3              You may have defenses to the charge, but if you
 4    plead guilty, you waive and give up any defenses.  By
 5    pleading guilty, you also waive and give up your right to
 6    challenge the way in which the government obtained any
 7    evidence, confession or statement in this case.  You may also
 8    lose the right to challenge on appeal any rulings the Court
 9    has made thus far in your case.
10              Do you fully understand all the rights you have and
11    the rights you waive by pleading guilty?
12                   (Discussion off the record.)
13              MR. FERRY:  One moment, Your Honor.
14                   (Discussion off the record.)
15              THE DEFENDANT:  Yes, Your Honor, I understand my
16    rights.
17              THE COURT:  All right.  I just want to confirm that
18    by pleading guilty, that you may lose the right to challenge
19    on appeal any rulings the Court has made thus far in your
20    case.  That's part of just pleading guilty in a case.  Do you
21    understand that?
22              THE DEFENDANT:  Yes, I understand.
23              THE COURT:  Okay.  By pleading guilty to this
24    felony, you may lose certain civil rights, such as your right
25    to vote, to hold public office, to serve on juries and to own
```

and possess firearms.  A felony conviction also may prevent

you from keeping or obtaining certain occupational licenses.

If convicted and you're not a United States

citizen, you may be removed from the United States, denied

citizenship and denied admission to the United States in the

future.

If you're deemed a sex offender under the law as a

result of the offense, you'll be required to register as a

sex offender under federal law and possibly state law.

Do you fully understand the consequences of

pleading guilty?

THE DEFENDANT:  Yes, Your Honor, I do.

THE COURT:  All right.  I'm going to reference both

the Indictment and the Plea Agreement in this case.  Do you

have copies of those in front of you?

MR. FERRY:  I do, Your Honor.

THE COURT:  Okay.  Make sure the defendant has them

as well so he can follow along with me as necessary.

Mr. Kopp, are you able to read and understand the

Indictment in this case?

THE DEFENDANT:  Yes.

THE COURT:  In Count One of the Indictment, which

you're proposing to plead guilty to, you're charged with

enticement of a minor to engage in sexual activity, in

violation of 18, United States Code, Section 2422(b).  Have

1    you discussed that charge and your case in general with your

2    attorney?

3                    THE DEFENDANT:  Yes.

4                    THE COURT:  And has your attorney explained the

5    charge to you?

6                    THE DEFENDANT:  Yes.

7                    THE COURT:  Did your attorney answer all the

8    questions you may have had about that charge?

9                    THE DEFENDANT:  Yes.

10                    THE COURT:  In order to be convicted of that

11    charge, the government would have to prove beyond a

12    reasonable doubt the following elements at trial:

13                    First, that you knowingly persuaded, induced,

14    enticed or coerced a person to engage in sexual activity as

15    charged;

16                    Second, that you used the Internet, a computer and

17    a cell phone, facilities of interstate commerce as alleged in

18    the Indictment to do so;

19                    Third, when you did those acts, the person named in

20    the Indictment was less than 18 years old; and,

21                    Fourth, one or more of the individuals engaging in

22    the sexual activity could have been charged with a criminal

23    offense of lewd and lascivious battery in violation of

24    Florida Statute Section 800.044.

25                    Do you understand the elements of that charge?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Now, you can only be convicted, found

3    guilty of an attempt to commit the offense described herein

4    only if both of the following elements are met:

5          First, that you knowingly intended to commit the

6    crime of using a facility of interstate commerce to knowingly

7    persuade, induce, entice, or coerce an individual whom you

8    believe to be a minor to engage in that activity; and,

9          Second, that your intent was strongly corroborated

10   by your conduct, which constituted a substantial step towards

11   the commission of the crime.

12          Do you understand those elements?

13          THE DEFENDANT:  Yes, I understand, Your Honor.

14          THE COURT:  Do you have any questions at all about

15   those elements for me?

16          THE DEFENDANT:  No.

17          THE COURT:  The crime to which you're proposing to

18   plead guilty is punishable by a mandatory minimum term of

19   imprisonment of ten years up to life in prison, a fine of not

20   more than $250,000, a term of supervised release of at least

21   five years up to life, and a special assessment of $100.

22          With respect to certain offenses, the Court may

23   order you to make restitution to any victim or to the

24   community.

25          Additionally, pursuant to 18, U.S.C., Section 3014,

1    the Court shall impose a $5,000 special assessment of any

2    non-indigent defendant convicted of an offense.  These

3    offenses are listed here on page two of the Plea Agreement.

4              Ms. Rivera, is this one of those offenses?

5              MS. RIVERA MIRANDA:  That where a $5,000 special

6    assessment may be imposed, yes, Your Honor.

7              THE COURT:  Okay.  Thank you.

8              In addition, you may be required to forfeit any

9    property that was used during the commission of the offense

10   and specifically an iPhone 6, Lenovo ThinkPad laptop

11   computer, and a Nikon Coolpix P500 camera, which are listed

12   on page six of the Plea Agreement.

13             Are there any other potential penalties I should go

14   over, Ms. Rivera?

15             MS. RIVERA MIRANDA:  No, Your Honor.  I believe the

16   Court has covered them accurately.

17             THE COURT:  Mr. Kopp, do you understand those

18   potential penalties?

19             THE DEFENDANT:  Yes, I understand, Your Honor.

20             THE COURT:  Have you discussed those with your

21   attorneys?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Do you have any questions at all for me

24   about those?

25             THE DEFENDANT:  No.

1      THE COURT:  The United States sentencing guidelines

2  apply in your case.  Have you discussed those sentencing

3  guidelines with your attorneys and have your attorneys

4  answered all the questions you may have had about the

5  guidelines?

6      THE DEFENDANT:  Yes.

7      THE COURT:  Now, I won't go into much detail about

8  the guidelines because you discussed them with your

9  attorneys, but I do want to explain a few things about how

10  the sentencing process works in this case.

11      In determining your sentence, the United States

12  District Judge must calculate the applicable sentencing

13  guidelines range.  Now, the Court will not be able to

14  determine that range until the United states Probation Office

15  prepares a Presentence Investigation Report.

16      In determining your sentence, the district judge

17  will take into consideration that guidelines range, any

18  possible departures under the guidelines, and the factors in

19  18, United States Code, Section 3553(a).  Now, those factors

20  include things like the nature and circumstances of the

21  offense, the history and the characteristics of you, the

22  defendant, and the need for the sentence imposed to reflect

23  the seriousness of the offense, to promote respect for the

24  law, to provide just punishment for the offense, to afford

25  adequate deterrence to criminal conduct, to protect the

public from further crimes, and to provide you with needed

educational or vocational training, medical care or

correctional treatment in the most effective manner.

The Court will also take into consideration the

kinds of sentences available and the need to avoid

unwarranted sentencing disparities.

Now, the district judge is not bound by the

guidelines range in this case.  The district judge has the

authority to impose a sentence that is more severe or less

severe than the guidelines recommend.  In fact, the district

judge has the authority to impose any sentence up to the

maximum allowed by law, which in this case is life in prison.

The United States may appeal a sentence that the

district judge imposes.  That means the United States may ask

the court of appeals to reverse a sentence that's too low or

based on a guidelines miscalculation.

Parole has been abolished.  If the district judge

sentences you to prison, you will not be released on parole.

The sentence the district judge imposes may be

different than the estimated sentence that your attorney or

anyone else has given you.  In fact, it may be higher than

you expect.  If that happens, you would still be bound by

your guilty plea and would not have a right to withdraw it.

Do you understand all the things we discussed about

sentencing?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Now, do you understand that there have

3   been discussions between your attorneys and the attorneys for

4   the government that have resulted in a written Plea

5   Agreement?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Do you have the original of that Plea

8   Agreement, Ms. Rivera?

9          MS. RIVERA MIRANDA:  Yes, Your Honor.

10          THE COURT:  Can you provide it to the defense?

11          Mr. Kopp, I want you to look at the initials that

12   appear at the bottom of the pages of the Plea Agreement and

13   then as well as the signature that appears on page 23, and

14   then let me know when you're ready.

15          THE DEFENDANT:  Yes.

16          THE COURT:  All right.  Mr. Kopp, is that your Plea

17   Agreement?

18          THE DEFENDANT:  Yes, it is.

19          THE COURT:  Is that your signature on page 23?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Are those your initials that appear at

22   the bottom of each and every page of the Plea Agreement?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Prior to initialing those pages and

25   signing this Plea Agreement, did you read every page, every

```
 1   word of the Plea Agreement?

 2            THE DEFENDANT:  Yes, I did.

 3            THE COURT:  Mr. Ferry, is that your signature and

 4   the signature of Mr. Lindsey on the Plea Agreement?

 5            MR. FERRY:  Yes, Your Honor.

 6            THE COURT:  Ms. Rivera, let me ask you, does your

 7   signature and that of an authorized representative from your

 8   office appear on page 23?

 9            MS. RIVERA MIRANDA:  Yes, Your Honor.

10            THE COURT:  Is the Plea Agreement you've just

11   provided to the defense the Plea Agreement that appears at

12   Document 34 in this case?

13            MS. RIVERA MIRANDA:  Yes, Your Honor.

14            THE COURT:  All right.  Thank you.

15            Mr. Kopp, did your attorneys go over that Plea

16   Agreement with you?

17            THE DEFENDANT:  Yes.

18            THE COURT:  Did they answer any questions you may

19   have had?

20            THE DEFENDANT:  Yes.

21            THE COURT:  And did you understand every part of

22   the Plea Agreement?

23            THE DEFENDANT:  Yeah.

24            THE COURT:  Do you have any questions about it for

25   me?
```

1          THE DEFENDANT:  No.  Thanks.

2          THE COURT:  Ms. Rivera, were there any other offers

3    made that should be made a part of this record?

4          MS. RIVERA MIRANDA:  Your Honor, the Plea Agreement

5    reflects the final -- the final offer made by our office.  It

6    specifically states that the government will recommend a

7    sentence of 20 years, which may require an upward variance in

8    the case, and that at sentencing the government will move to

9    dismiss the remaining counts of the Indictment.  That was the

10   last offer that we discussed and it was accepted by the

11   defendant as stipulated in the Plea Agreement.

12         THE COURT:  And so this was the ultimate result of

13   ongoing plea negotiations?

14         MS. RIVERA MIRANDA:  That is correct, Your Honor.

15         THE COURT:  Mr. Ferry, let me ask you, should there

16   be any of the other offers or any other process put on the

17   record?

18         I just want to make sure, just so you know for my

19   purposes, that there wasn't a -- for example, a more

20   beneficial plea that was rejected by the defense that he was

21   not made aware of.  Things like that come on up 2255s.  So I

22   just want to make sure there's nothing else that should be

23   made a part of this record concerning the plea negotiations.

24         MR. FERRY:  Your Honor, my understanding is the

25   understanding that's contained in the Plea Agreement.

1    Specifically, it's my understanding the United States will

2    recommend to the Court that the defendant will be sentenced

3    to a term of imprisonment up to 20 years.  That's my

4    understanding of the Plea Agreement.

5              MS. RIVERA MIRANDA:  Yes, Your Honor, up to 20

6    years.  That is correct.  Thank you.

7              MR. FERRY:  No further clarification.

8              THE COURT:  Okay.  And that's fine.  So there are

9    no additional offers that should be made a part of this

10   record?

11             MR. FERRY:  No, Your Honor.

12             THE COURT:  And this was the ultimate conclusion of

13   the ongoing plea negotiations?

14             MR. FERRY:  Yes, Your Honor.

15             THE COURT:  All right.  Thank you.

16             Now, Mr. Kopp, I don't -- I'm not going to go over

17   every part of this Plea Agreement with you.  You discussed it

18   with your attorneys.  You say you understand it.  But there

19   are certain provisions that I would like to go over with you.

20   So feel free to follow along.  I'll tell you where I'm going

21   with the Plea Agreement.

22             There's a section on page five, paragraph A8 titled

23   Acceptance of Responsibility.  In that paragraph, the United

24   States agrees to recommend that you receive a two-level

25   downward adjustment to your guidelines offense level if it

1 doesn't later receive any adverse information indicating that

2 the recommendation is unwarranted.

3          The United States also agrees to consider filing a

4 motion for another one-level downward adjustment to your

5 guidelines offense level, but explains the decision to file

6 such a motion rests solely with the United States Attorney

7 and you agree you won't challenge that decision.  Do you

8 understand that?  Do you agree to that?

9          THE DEFENDANT:  Yes.

10          THE COURT:  There's another section I want to go

11 over.  It's section B(6) on page 14 of the Plea Agreement.

12 It's titled Sentencing Recommendations.

13          I just want to emphasize to you that the district

14 judge is not bound by any of the sentencing recommendations

15 that your attorney or the attorney for the United States

16 make; and if the district judge does not accept your

17 recommendation, you're still bound by your plea and will not

18 have a right to withdraw it.  Do you understand that?

19          THE DEFENDANT:  Yes.

20          THE COURT:  So it was just mentioned by both sides.

21 So I just want to make sure you understand this, that on page

22 four of the Plea Agreement, there's the Sentence

23 Recommendation that says pursuant to Federal Rule of Criminal

24 Procedure 11(c)(1)(B), the United States will recommend to

25 the Court that the defendant be sentenced to a term of

1   imprisonment of up to 20 years, which may require an upward

2   variance in the defendant's applicable guidelines range as

3   determined by the Court.

4           That recommendation is not binding upon the Court.

5   That is, if the Court does not accept that recommendation,

6   you would not be allowed to withdraw from your plea.  So if

7   the Court were to sentence you to a higher sentence, for

8   example, you would not be allowed to withdraw from your plea.

9   Do you understand that?

10          THE DEFENDANT:  I understand, yes.

11          THE COURT:  On page 15 of the Plea Agreement, going

12  on to page 16, there's an appeal waiver.  Here, you agree

13  that the Court has jurisdiction and can sentence you up to

14  the statutory maximum.  You also waive your right to appeal

15  your sentence on any ground whatsoever, including that the

16  district judge made a mistake in calculating your guidelines

17  range.

18          Now, normally a defendant convicted of an offense

19  can appeal his sentence on any ground whatsoever.  Now you're

20  waiving your right to appeal your sentence except on four

21  narrow grounds:

22          First, you can appeal your sentence if it exceeds

23  the guideline range the district judge determines;

24          Second, you can appeal your sentence if it exceeds

25  the statutory maximum;

1          Third, you can appeal your sentence if it violates

2     the Eighth Amendment to the United States Constitution; and,

3          Fourth, you can appeal your sentence if the

4     government appeals.

5          Do you understand what you're giving up here?

6          THE DEFENDANT:  Will you read point A again,

7     please, for me?

8          THE COURT:  That you can appeal if it exceeds the

9     guidelines range the district judge determines.

10          THE DEFENDANT:  Yes.

11          THE COURT:  Is that the point?

12          THE DEFENDANT:  Yes, please.

13          THE COURT:  Okay.  So what that means is as a part

14     of the sentencing process, a Presentence Investigation Report

15     will be prepared by the United states Probation Office.

16     It'll be a process that involves an interview of you.  You'll

17     be able to have your attorneys present during that.  Both you

18     and the government will receive a draft of that Presentence

19     Investigation Report and you'll have an opportunity to make

20     objections to it.

21          To the extent any of those objections are

22     unresolved, you'll have a sentencing hearing before the

23     United States District Judge.  At that time, the district

24     judge will hear any objections to the guidelines range and

25     will make a determination as to what the guidelines range is

1    in this case.

2            Now, once that guidelines range is made, that's the

3    guidelines range.  That's determined by the district judge.

4    If your sentence falls within that guidelines range, you

5    would not have a right to appeal your sentence in this case.

6    However, if your sentence exceeds the guidelines range as

7    determined by the district judge, then you would have a right

8    to appeal your sentence.

9            THE DEFENDANT:  Thank you.  I understand.

10           THE COURT:  Did I accurately summarize that, Ms.

11   Rivera?

12           MS. RIVERA MIRANDA:  I believe so, Your Honor.

13           THE COURT:  Okay.  It does present an interesting

14   situation because the recommended sentence includes a

15   variance.  So if the variance is granted, the defendant would

16   be able to arguably appeal the sentence.  Is that right?

17           MS. RIVERA MIRANDA:  I can live with that.  Yes,

18   Your Honor.

19           THE COURT:  That's the understanding.  All right.

20           It's also part of the Plea Agreement that at the

21   time of sentencing, the remaining counts against the

22   defendant, Counts Two and Three, will be dismissed pursuant

23   to Federal Rule of Criminal Procedure 11(c)(1)(A) that's on

24   page three of the Plea Agreement.

25           Now, because the Plea Agreement involves the

dismissal of charges or an agreement not to pursue certain

charges, the district judge can only accept a Plea Agreement

that involves the dismissal in that manner if the district

Court finds that the remaining charges to which you plead

guilty adequately reflect the seriousness of your actual

offense behavior and that accepting the Agreement will not

undermine the statutory purposes of the sentencing.

          The charges are to be dismissed pursuant to the

Plea Agreement.  You may still be held accountable under the

sentencing guidelines for that conduct, even though the

charges have been dismissed.  Do you understand that?

          (Discussion off the record.)

          THE DEFENDANT:  I understand.

          THE COURT:  Let me ask the government, are there

any other provisions of the Plea Agreement that you'd like me

to go over?

          MS. RIVERA MIRANDA:  No, Your Honor, other than the

Factual Basis --

          THE COURT:  Of course, yeah.  Other than that.

          MS. RIVERA MIRANDA:  -- and the voluntariness of

the plea, Your Honor.

          THE COURT:  Mr. Kopp, do you understand all the

provisions of the Plea Agreement?

          THE DEFENDANT:  Yes.

          THE COURT:  Are you willing to be bound by those

1  provisions?

2           THE DEFENDANT:  Can you repeat, please?

3           THE COURT:  Are you willing to be bound by those

4  provisions?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Have any promises or assurances been

7  made to you concerning your sentence --

8           THE DEFENDANT:  No.

9           THE COURT:  -- other than those in the Plea

10 Agreement?

11          THE DEFENDANT:  No.

12          THE COURT:  All right.  At this point I just want

13 to summarize and conclude that you understand all that we've

14 discussed up to this point.  Do you understand your rights,

15 the rights you give up by pleading guilty, the charge against

16 you, the potential guidelines, the potential consequences,

17 the sentencing guidelines, and your Plea Agreement?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  So let me ask you directly then, how do

20 you plead, guilty or not guilty, to Count One of the

21 Indictment?

22          THE DEFENDANT:  Guilty.

23          THE COURT:  All right.  Let's take a look now at

24 the Factual Basis in the Plea Agreement.  The Factual Basis

25 begins on page 18 of the Plea Agreement and goes through page

```
 1    22.  Mr. Kopp, have you read those facts?

 2              THE DEFENDANT:  Yes.

 3              THE COURT:  And is it your initial that appears at

 4    the bottom of each of those pages?

 5              THE DEFENDANT:  Yes.

 6              THE COURT:  Are those facts true?

 7              THE DEFENDANT:  Yes.

 8              THE COURT:  Do they represent what you did in this

 9    case?

10              THE DEFENDANT:  Yes.

11              THE COURT:  Is there anything false or misleading

12    in any way concerning those facts?

13              THE DEFENDANT:  No.

14              THE COURT:  Ms. Rivera, are those the facts the

15    government would prove beyond a reasonable doubt if this case

16    were to go to trial?

17              THE DEFENDANT:  Yes, Your Honor.  It's basically a

18    summary of the evidence in support of the one count of

19    conviction.

20              THE COURT:  Mr. Kopp, I'm going to ask you a series

21    of questions that relate to the elements of the offense.  So

22    if you'd like to follow along somewhat, you can go to page

23    two of the Plea Agreement, but just listen to my questions

24    and answer as appropriate.

25              Did you knowingly persuade, induce, entice or
```

1   coerce a person to engage in sexual activity as charged?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Did you use the Internet, a computer

4   and a cell phone, facilities of interstate commerce, as

5   alleged in the Indictment to do so?

6            THE DEFENDANT:  Yes.

7            THE COURT:  When you did those acts, was the person

8   named in the Indictment less than 18 years old?

9            THE DEFENDANT:  Yes.

10           THE COURT:  And is it true that one or more of the

11  individuals engaging in the sexual activity could have been

12  charged with a criminal offense, namely lewd and lascivious

13  battery, in violation of Florida Statute Section 800.044?

14           THE DEFENDANT:  Yes.

15           THE COURT:  In addition, is it true that you

16  knowingly intended to commit the crime of using a facility of

17  interstate commerce to knowingly persuade, induce, entice or

18  coerce an individual whom you believed to be a minor to

19  engage in sexual activity?

20           THE DEFENDANT:  Yes.

21           THE COURT:  Do you agree that your intent was

22  strongly corroborated by your conduct, which constituted a

23  substantial step toward the commission of the offense?

24           THE DEFENDANT:  Yes.

25           THE COURT:  Would the government like me to go over

1  the facts in any additional way?

2           MS. RIVERA MIRANDA:  No, Your Honor.

3           THE COURT:  All right.

4           I do find that there is a factual basis for the

5  plea in this case.

6           Mr. Kopp, are you pleading guilty freely and

7  voluntarily and because you believe it is in your best

8  interest to do so?

9           THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  Are you pleading guilty because you are

11 guilty?

12          THE DEFENDANT:  Yes, Your Honor.

13          THE COURT:  Has anyone threatened you, forced you

14 or coerced you or intimidated you in any way to cause you to

15 plead guilty?

16          THE DEFENDANT:  No.

17          THE COURT:  Has anyone made any assurances or

18 promises to you of any kind to induce your plea of guilty

19 other than what's in the Plea Agreement?

20          THE DEFENDANT:  No.

21          THE COURT:  Let me ask counsel for both sides --

22 I'll ask the government first -- can you assure the Court

23 that as far as you know, no assurances, promises or

24 understandings have been given to the defendant concerning a

25 disposition of his case other than what's in the Plea

1    Agreement?

2              MS. RIVERA MIRANDA:  That is correct, Your Honor.

3              MR. FERRY:  That's correct, Your Honor.

4              THE COURT:  Mr. Kopp, you're represented by Mr.

5    Ferry and Mr. Lindsey.  Have you discussed your case fully

6    and explained everything that you know about your case to

7    them?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Have you had enough time to talk with

10   them about your case?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Do you have any complaints at all about

13   the way your attorneys have represented you in this case?

14             THE DEFENDANT:  No.

15             THE COURT:  Are you satisfied with the way your

16   attorneys have represented you in this case?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Do you have any complaints about the

19   way you've been treated by the Court or anyone else that's

20   causing you to plead guilty?

21             THE DEFENDANT:  No.

22             THE COURT:  Has anyone coached you or suggested

23   that you answer my questions untruthfully today?

24             THE DEFENDANT:  No.

25             THE COURT:  Have you told the truth today?

1           THE DEFENDANT:  (No response.)

2           THE COURT:  Have you told the truth today?

3           THE DEFENDANT:  Yes.

4           THE COURT:  Having heard everything I've said, do

5      you fully understand the rights and procedures you waive and

6      give up by pleading guilty?

7           THE DEFENDANT:  Yes.

8           THE COURT:  Is it your final decision to plead

9      guilty to Count One in the Indictment in this case?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Is the United States satisfied with the

12     colloquy?

13          MS. RIVERA MIRANDA:  Well, Your Honor, there's just

14     one thing, if possible, that I would like just to put on the

15     record, if the defendant would just articulate in his own

16     words what it is that he's pleading guilty to, what it is

17     that he did in this case.

18          THE COURT:  Okay.

19          Mr. Ferry, is your client prepared to do that?

20          MR. FERRY:  Yes.

21          THE COURT:  Okay.

22          All right.  If you would, sir, Mr. Kopp, if you

23     would, in your own words state what it is that you did in

24     this case that makes you guilty of Count One in the

25     Indictment.

1        THE DEFENDANT:  I had conversations through

2   Internet and through phone with the undercover agent for the

3   purpose of possibly having sexual activity with his minor

4   daughter.  And I traveled from New Jersey to Orlando to

5   engage in these activities and to meet with him for this

6   purpose.

7        MS. RIVERA MIRANDA:  Thank you, Your Honor.

8        THE COURT:  Is the government satisfied?

9        MS. RIVERA MIRANDA:  Yes.

10       THE COURT:  All right.

11       Thank you, Mr. Kopp.

12       Anything else from the defense?  Would you like to

13   put anything else on the record?

14       MR. FERRY:  No, Your Honor.  Thank you.

15       THE COURT:  All right.

16       Mr. Kopp, I find that you're alert and intelligent,

17   that you understand the nature of the charges against you and

18   the possible penalties in this case, and that you appreciate

19   the consequences of pleading guilty.

20       I also find that the facts the United States is

21   prepared to prove and by which your guilty plea you admit

22   based on your acknowledgment of the factual basis in the Plea

23   Agreement, your own words today and your answers to my

24   question all state the essential elements of the offense to

25   which you have pleaded guilty and that there is a factual

1    basis for your plea.

2              I further find that your decision to plead guilty

3    is freely, voluntarily, knowingly and intelligently made and

4    that you have the advice and counsel of competent attorneys

5    with whom you say you are satisfied.

6              I'll make a written report to the district judge

7    recommending that the district judge accept your plea in this

8    case.

9              As I was stating earlier, the United States

10   Probation Office will now conduct a Presentence Investigation

11   Report in this case.  You'll have the assistance of counsel

12   during that process.  You'll have an opportunity to object to

13   that report.

14             At the sentencing hearing, you'll have an

15   opportunity to further state any objections, to speak on your

16   own behalf, and your attorneys will have an opportunity to

17   speak on your behalf as well.

18             Generally, sentencing is in about 75 days.

19             Anything else from the government?

20             MS. RIVERA MIRANDA:  Nothing further, Your Honor.

21   Thank you.

22             THE COURT:  The defendant is detained, correct?

23             MS. RIVERA MIRANDA:  Yes, Your Honor.

24             THE COURT:  All right.

25             Anything else from the defense?

1              MR. FERRY:  No, Your Honor.  Thank you.

2              THE COURT:  All right.  Thank you.

3              We're in recess.

4              (Proceedings concluded at 12:04 p.m.)

5                    - - - - - - - -

6                    Reporter's Certification

7    I certify that the foregoing is a correct transcript from the

8    record of proceedings in the above-entitled matter.

9                              s/Diane Peede, RMR, CRR, CRC
                               Official Court Reporter
10                             United States District Court
     Date:  December 21, 2017   Middle District of Florida
11