magistrate failed to discuss the elements of the crucial underlying Florida statute, § 800.04(4), the violation of which Kopp allegedly enticed. Nor did the magistrate judge address the extraterritorial nature of the offense, questions of venue, or that the allegations involved no actual minor and related merely to responding to a contrived offer by an adult.[2] At sentencing, the defense explained that Kopp's sadomasochistic fantasy, which the undercover agent discovered, was disturbing, but has gone unfulfilled throughout his entire life. DE:77:29–31.

## Standards of Review

Issues of statutory interpretation are reviewed *de novo*, *United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006), as are due process claims. *See, e.g., United States v. Robison*, 505 F.3d 1208, 1226 n. 24 (11th Cir. 2007).

Whether a guilty plea and accompanying waiver of rights are knowingly and voluntarily entered is a mixed question of law and fact reviewed *de novo. See United States v. Owen*, 858 F.2d 1514, 1516 (11th Cir. 1988); *see also United States v. Dominguez Benitez*, 542 U.S. 74, 84 n.10 (2004) (distinguishing review of constitutional error in guilty plea from Rule 11 violations).

---

[2] At the plea hearing, the magistrate did not advise Kopp of his right to withdraw the plea any time prior to the district court's acceptance of the plea. *See United States v. Arami*, 536 F.3d 479, 483 (5th Cir. 2008) (under Fed. R. Crim. P. "11(d)(1), "defendant has an absolute right to withdraw his or her guilty plea before the court accepts it").

6

Exhibit 1