UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                             CASE NO: 6:17-cr-159-Orl-40DCI

MEINRAD KOPP
_____/

**ORDER**

This cause is before the Court on Defendant Kopp's Motion for Reconsideration. (Doc. 86). The Court does not require a response from the Government, and upon due consideration Defendant's Motion is denied.

**I.    BACKGROUND**

    **A.    Procedural History**

The Defendant was indicted on one count of enticing a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); one count of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(f)(1), and one count of transporting child pornography in interstate commerce, in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(b)(1). (Doc. 16). The Defendant plead guilty to Count One in exchange for the dismissal of Counts Two and Three. (Doc. 34, 40, 45). On December 13, 2017, the Court sentenced the Defendant to life imprisonment, supervised release for life, and a $250,000 fine. (Doc. 66, 67).

The Defendant subsequently filed a Motion for Compassionate Release (Doc. 83) which the Court denied. (Doc. 85). In the instant Motion for Reconsideration, the Defendant does not seek reconsideration of the denial of his request for compassionate release. Rather he asks the Court to "expunge" its reference to the Defendant's

admission—recorded by an undercover agent—that he had previously abused a child. (Doc. 86, p. 2).

## II.   DISCUSSION

"[A] motion for reconsideration of a district court order in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure." *United States v. Vicaria*, 963 F.2d 1412, 1413 (11th Cir. 1992); *see also United States v. Vives*, 546 Fed. Appx. 902, 905 (11th Cir. 2013) ("Because no statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case, we affirm the denial of Vives's motion for reconsideration."). The Eleventh Circuit has expressly held that a criminal defendant cannot seek reconsideration of a criminal order under Federal Rule of Civil Procedure 60(b). *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003). However, when district courts exercise their discretion to entertain motions for reconsideration in criminal cases, they generally employ the standards underlying motions for reconsideration in civil cases. *See, United States v. Kight*, 1:16-cr-99-WSD, 2017 WL 5664590, at *1 n.3 (N.D. Ga. Nov. 27, 2017).

Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks

2

omitted). It is wholly inappropriate in a motion for reconsideration to relitigate the merits of the case or to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1. "Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1369 (S.D. Fla. 2002). Plaintiff fails to satisfy the standard for reconsideration in that he does not ask the Court to change its mind and grant his motion for compassionate release. Instead, the Defendant improperly uses a motion for reconsideration to take issue with the Court's reference to his recorded admission that he had abused a child in the past. Accordingly, the motion is denied.

### III.   CONCLUSION

For these reasons, the Defendant's Motion for Reconsideration (Doc. 86) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on September 14, 2020.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

3