# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

v

MEINRAD KOPP

Case Number: 6:17-cr-159-Orl-40DCI

USM Number: 68931-018

David Cohen, Retained
300 Montgomery St Ste 660
San Francisco, CA 94104

## JUDGMENT IN A CRIMINAL CASE[1]

The defendant pleaded guilty to Count One of the Indictment. The defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 2422(b) | Coercion or Enticement of a Minor to Engage in Sexual Activity | June 16, 2017 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts Two and Three of the Indictment dismissed in accordance with the plea agreement.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

December 15, 2022

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

December 15, 2022

---

[1] This case was remanded pursuant to the Mandate of the Eleventh Circuit Court of Appeals (Doc. 89).

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Meinrad Kopp
6:17-cr-159-Orl-40DCI

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **THREE HUNDRED (300) MONTHS** as to Count One of the Indictment.

The Court makes the following recommendations to the Bureau of Prisons:
1. That the defendant be provided religious services while in custody
2. Mental health treatment and services

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Meinrad Kopp
6:17-cr-159-Orl-40DCI

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **TEN (10) YEARS** as to Count One of the Indictment.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. The mandatory drug testing requirements of the Violent Crime Control Act are waived. However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.
4. You must cooperate in the collection of DNA as directed by the probation officer.
5. You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions as follows.

Meinrad Kopp
6:17-cr-159-Orl-40DCI

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within **72 hours**.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____   Date:_____

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Meinrad Kopp
6:17-cr-159-Orl-40DCI

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in a mental health program specializing in sex offender treatment and submit to polygraph testing for treatment and monitoring purposes. The defendant shall follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the probation officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

2. The defendant shall register with the state sexual offender registration agency(s) in any state where he or she resides, visits, is employed, carries on a vocation, or is a student, as directed by the probation officer. The probation officer will provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S.943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct the defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

3. The defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate, including: schools, daycare centers, theme parks, playgrounds, etc.

4. The defendant is prohibited from possessing, subscribing to, or viewing, any video, magazine, or literature depicting children in the nude and/or in sexually explicit positions.

5. Without prior written approval of the probation officer, you are prohibited from either possessing or using a computer (including a smart phone, a hand-held computer device, a gaming console, or an electronic device) capable of connecting to an online service or an internet service provider. This prohibition includes a computer at a public library, an internet cafe, your place of employment, or an educational facility. Also, you are prohibited from possessing an electronic data storage medium (including a flash drive, a compact disk, and a floppy disk) or using any data encryption technique or program. If approved to possess or use a device, you must permit routine inspection of the device, including the hard drive and any other electronic data storage medium, to confirm adherence to this condition. The United States Probation Office must conduct the inspection in a manner no more intrusive than necessary to ensure compliance with this condition. If this condition might affect a third party, including your employer, you must inform the third party of this restriction, including the computer inspection provision.

6. The defendant shall submit to a search of his or her person, residence, place of business, any storage units under the defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

7. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the probation officer. The defendant shall provide the probation officer access to any requested financial information.

Meinrad Kopp
6:17-cr-159-Orl-40DCI

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | **Assessment** | **JVTA Assessment [2]** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $100.00 | $5,000.00 | $250,000.00 | N/A |

## SCHEDULE OF PAYMENTS

While in the custody of the Bureau of Prisons, the defendant shall either (1) pay at least $25.00 quarterly if working non-Unicor or (2) pay at least 50 percent of his or her monthly earnings if working in a Unicor position. Upon release from custody, you shall pay the fine at the rate of **$500 a month**. At any time during the course of post-release supervision, the victim, the government, or the defendant may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk, U.S. District Court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Plea Agreement and Order of Forfeiture (Doc. 81), that are subject to forfeiture.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

---

[2] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16) Judgment in a Criminal Case